**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| NICOLE G. NEAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>Defendant. | Case No. 3:20-cv-00464<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, Plaintiff, NICOLE G. NEAL, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of Defendant, SUNRISE CREDIT SERVICES, INC. as follows:

**NATURE OF THE ACTION**

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. NICOLE G. NEAL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 201 David Street, Apartment 44, Carson City, Nevada 89706.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. SUNRISE CREDIT SERVICES, INC. ("Defendant") is a corporation organized and existing under the laws of the state of New York.

7. Defendant maintains its principal place of business at 260 Airport Plaza, Farmingdale, New York, 11735.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## **FACTUAL ALLEGATIONS**

10. Years ago, Plaintiff obtained wireless telecommunications services through AT&T Mobility ("AT&T").

11. As result of unexpected financial hardship, Plaintiff's $1,216.27 account balance went unpaid.

12. Plaintiff's account balance – once unpaid – was referred for collection.

13. Plaintiff's $1,216.27 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Shortly thereafter, AT&T placed the subject debt with Defendant for collection.

15. Defendant mailed Plaintiff a letter, dated September 23, 2019, which stated:

> Creditor AT&T Mobility
> SCS Account # 38062394
>
> Account Balance          $1216.27
> Balance Due              $1216.27
>
> Dear Nicole G. Neal
>
> We want to work with you during this difficult time so we obtained approval from our client to settle your account for only $924.37, with your payment due on or before 09/30/2019.  You save $291.00, that's a 24% savings.
>
> Here's how to get started

2

1. You can log onto www.sunrisecreditservices.com, hit the "Payment Center" button and follow the options to settle your balance.

2. You can call 800-357-2274 and speak with a representative.

Please let us know how we can help you save and we will try!

Sunrise Credit Services, Inc.

Toni Ann Carr

16. The Letter proposed to resolve Plaintiff's account balance for 76% of Plaintiff's $1,216.27 account balance.

17. Specifically, the Letter stated:

"[W]e obtained approval from our client to settle your account for only $924.37, with your payment due on or before 09/30/2019. You save $291.00, that's a 24% savings."

18. The Letter created false sense of urgency because it caused Plaintiff to believe that if she did not pay by the deadline, she will have no further chance to settle her debt for less than the full amount.

19. In reality, however, these types of offers made by Defendant are frequently renewed if the consumer fails to accept the initial offer.

## CLASS ALLEGATIONS

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

20. The Putative Class is defined as follows:

All natural persons residing in the State of Nevada (a) that received a correspondence from Defendant containing similar settlement offer language highlighted in Paragraph 17; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to AT&T Mobility.

3

21. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity:**

22. Upon information and belief, Defendant mailed hundreds of similar letters to consumers nationwide and within the state of Nevada.

23. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

24. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B.     Commonality and Predominance:**

25. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality:**

26. Plaintiff's claims are representative of the claims of other members of the Putative Class.

27. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

4

28.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

29.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

30.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

31.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

32.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

33.     Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

34.     Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

**CLAIMS FOR RELIEF**
**Count I – Violations of Sections 1692e and e(10) of the FDCPA**
**(On behalf of Plaintiff, individually, and the Members of Putative Class)**

35.     Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

36.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

37.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

38. The Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the settlement offer is open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff and the Putative Class Members.

39. As a result of the language contained in the Letter, Plaintiff was misled into believing that if she did not pay by the deadline, she will have no further chance to settle her debt for less than the full amount.

40. As the Seventh Circuit in *Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

41. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id.* at 776.

**WHEREFORE**, Plaintiff, NICOLE G. NEAL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(2) of the FDCPA;
   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Awarding Class Members statutory damages;
   d. Awarding the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   e. Awarding any other relief as the Honorable Court deems just and proper.

6

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 13, 2020

Respectfully submitted,

**NICOLE G. NEAL**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com